21

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

---

**JOHNNY L. RICKS**

100 Riverfront Dr, Apt 909

Detroit, Michigan 48226

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*


**v.**

**EPSILON DATA MANAGEMENT, LLC**

6021 Connection Drive

Irving, Texas 75039


*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

---

Case: 2:26-cv-10549

Assigned To : Goldsmith, Mark A.

Referral Judge: Stafford, Elizabeth A.

Assign. Date : 2/17/2026

Description: CMP RICKS V EPSILON DATA MANAGEMENT, LLC (TM)


Jury Trial:    ☑ Yes   ☐ No

*(check one)*

## Complaint for Employment Discrimination

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Johnny L. Ricks |
| Street Address | 100 Riverfront Dr, Apt 909 |
| City and County | City of Detroit, Wayne County |
| State and Zip Code | Michigan 48226 |
| Telephone Number | +1 313-542-2503 |
| E-mail Address | ricks.john@outlook.com |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Epsilon Data Management, LLC |
| Job or Title (if known) | Company |
| Street Address | 6021 Connection Drive |
| City and County | City of Irving, Dallas County |
| State and Zip Code | Texas 75039 |
| Telephone Number | +1 312-220-6501 |
| E-mail Address (if known) | gregory.lacey@publicisresources.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

2

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

Defendant No. 3

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 4

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

## C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name            Epsilon Data Management - Troy, MI Office

Street Address  3310 Big Beaver Rd

City and County  City of Troy, Oakland County

State and Zip Code  Michigan 48084

Telephone Number  +1 312-220-6501

3

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑   Other federal law *(specify the federal law)*:

42 U.S.C. § 1981 (retaliation for opposition to race discrimination); 38 U.S.C. § 4311 (USERRA Discrimination and retaliation)

☑   Relevant state law *(specify, if known)*:

Elliott-Larsen Civil Rights Act No. 453, Public Act of 1976, as amended

☐   Relevant city or county law *(specify, if known)*:

4

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*:

Post-employment retaliation, including false criminal accusations and retaliatory law-enforcement referrals following protected civil-rights activity.

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s) March 18, 2024 through April 24, 2025

C.   I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☑ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race  Black American
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  Chronic depression

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

E.    The facts of my case are as follows. Attach additional pages if needed.

During his employment, Plaintiff alleges race and disability discrimination, denial of a requested transfer and reasonable accommodation, unequal terms and conditions of employment, and constructive discharge after engaging in protected activity under Title VII, the ADA, § 1981, USERRA, and state law.

After Plaintiff pursued administrative remedies and settlement discussions, Defendant, through its counsel, issued a written accusation of felony extortion and made retaliatory referrals to the FBI resulting in two federal contacts despite no criminal charges or findings.

The foregoing allegations are set forth in detail in EXHIBIT A, which is incorporated herein by reference.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

MIED ProSe 7 (Rev 5/16) Complaint for Employment Discrimination

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

November 20, 2025

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*

November 25, 2025                                                    .
*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

### V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Attach additional pages if needed.

Plaintiff respectfully requests the relief set forth in EXHIBIT B, including declaratory, compensatory, punitive, and equitable relief under Title VII, the ADA, USERRA and state law, together with such other relief as the Court deems just and proper.

7

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: February 17            , 20 26  .

Signature of Plaintiff

Printed Name of Plaintiff    Johnny Lemar Ricks

8

MIED ProSe 7 (Rev 5/16)  Complaint for Employment Discrimination

**Additional Information:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5 and 12117. Venue is proper in this District because the unlawful employment practices alleged herein occurred in this District and Defendant maintains a place of business here.

Plaintiff exhausted his administrative remedies and received a Notice of Right to Sue dated November 25, 2025. This action is filed within ninety (90) days of receipt of that Notice.

Plaintiff attaches the Notice of Right to Sue as "Exhibit C" and a Statement of Facts as "Exhibit A."

Plaintiff demands trial by jury on all issues so triable.

Plaintiff reserves the right to amend this Complaint as permitted by law.

9

# EXHIBIT A

## STATEMENT OF FACTS

1. Plaintiff Johnny L. Ricks is a former employee of Defendant Epsilon Data Management, LLC ("Epsilon").

2. Plaintiff began employment with Epsilon on or about October 4, 2021, as a Senior Account Executive in Client Services.

3. Plaintiff is a Black individual with a disability.

4. Plaintiff's employment with Epsilon ended on May 22, 2024.

5. During his employment, Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA"), including internal complaints concerning race discrimination, disability discrimination, breaches of ADA confidentiality, and failure to accommodate.

6. On March 20, 2024, Plaintiff requested a transfer, which was denied.

7. Plaintiff alleged that the denial constituted discriminatory terms and conditions of employment based on race.

8. On May 9, 2024, Plaintiff requested an accommodation for his disability, which he alleges was denied.

9. Plaintiff alleges that he was subjected to a hostile work environment based on race, including racial micro-aggressions, and that he reported such conduct to management on March 18, 2024.

10. Plaintiff alleges that on May 22, 2024, he was constructively discharged when he resigned from his position due to alleged retaliatory performance reviews, refusal to transfer him, and failure to address his internal discrimination complaints.

11. On December 23, 2023, Plaintiff filed a formal complaint with the Michigan Department of Civil Rights ("MDCR") alleging discrimination and retaliation under Title VII.

12. Plaintiff subsequently filed MDCR Case No. 649898, a companion matter to MDCR Case No. 641005, alleging discrimination based on race and disability, hostile work environment, failure to accommodate, constructive discharge, and retaliation, with a most recent date of alleged discrimination of May 22, 2024.

13. The MDCR investigation concerning Plaintiff's complaint remained pending until September 2, 2025.

14. Epsilon and its outside counsel had actual knowledge of Plaintiff's internal complaints and MDCR filings.

15. Plaintiff is a veteran protected under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq.

16. Plaintiff invoked rights under USERRA by filing a complaint with the U.S. Department of Labor Veterans' Employment and Training Service ("VETS"), Case Number MI-2025-00034-10-V.

17. On September 30, 2025, VETS issued a closing letter advising that its investigation had concluded and that Plaintiff retained the right to request referral of the matter to the Attorney General for consideration of representation.

18. Prior to and following the end of his employment, Plaintiff engaged in settlement communications concerning his discrimination claims.

19. On August 18, 2024, outside counsel for Epsilon transmitted a written communication to Plaintiff accusing him of having engaged in felony extortion.

20. The August 18, 2024 communication was issued after Plaintiff filed his MDCR complaint and while the MDCR investigation remained pending.

21. No criminal complaint had been filed against Plaintiff at the time the August 18, 2024 accusation was made.

22. Plaintiff did not threaten unlawful conduct in his settlement communications and did not demand payment in exchange for refraining from making false statements.

23. Plaintiff engaged in civil settlement discussions concerning his discrimination claims.

24. Upon information and belief, prior to issuing the August 18, 2024 accusation or providing information to law enforcement, Epsilon did not conduct a reasonable factual or legal investigation establishing that Plaintiff had committed a criminal offense.

25. On April 9, 2025, outside counsel for Epsilon transmitted a written communication to Plaintiff following a conversation between Plaintiff and counsel on April 1, 2025.

26. In that April 9, 2025 letter, Epsilon declined Plaintiff's settlement demands and stated that two of three EEOC/MDCR charges had been dismissed and that Epsilon would await adjudication of the remaining charge.

27. The April 9, 2025 letter further stated that Plaintiff was "insist[ing] that Epsilon pay [him] to stop [his] attempts to interfere with Epsilon and Publicis Groupe client relationships" and asserted that such conduct was "not protected activity."

28. At the time of the April 9, 2025 letter, the MDCR investigation concerning Plaintiff's December 23, 2023 complaint had not concluded.

29. On or about November 4, 2024, Plaintiff was contacted by a Taskforce Agent of the Federal Bureau of Investigation ("FBI").

30. During that communication, the FBI agent informed Plaintiff that the contact resulted from information provided to the FBI by representatives of Epsilon.

31. During that communication, the FBI agent further informed Plaintiff that no criminal charges were being pursued and that no criminal conduct had been found.

32. On or about April 24, 2025, Plaintiff was again contacted by a representative of the FBI.

33. During that communication, the FBI representative informed Plaintiff that the renewed contact resulted from additional information supplied to the FBI by Epsilon or individuals acting on its behalf.

34. During that communication, the FBI representative further informed Plaintiff that no criminal charges were being pursued and that no criminal conduct had been found.

35. The information that led to the November 4, 2024 and April 24, 2025 FBI contacts was provided to the FBI by Epsilon or individuals acting on Epsilon's behalf.

36. No criminal charges have ever been filed against Plaintiff in connection with the August 18, 2024 communication or the November 4, 2024 and April 24, 2025 FBI contacts.

37. The FBI closed both inquiries without initiating criminal proceedings.

38. The November 4, 2024 and April 24, 2025 FBI contacts occurred after Plaintiff engaged in protected activity and after Epsilon had knowledge of that activity.

39. The April 24, 2025 FBI contact occurred approximately two weeks after the April 9, 2025 letter in which Epsilon characterized Plaintiff's conduct as "not protected activity."

40. As a result of the felony accusation and FBI contacts, Plaintiff was required to respond to federal law enforcement inquiries and experienced concern regarding potential criminal exposure and reputational harm.

41. A felony accusation and law enforcement referral by a former employer would dissuade a reasonable person from engaging in protected activity.

42. On June 17, 2025, Plaintiff initiated contact with the Equal Employment Opportunity Commission ("EEOC") by submitting an online inquiry describing the August 18, 2024 accusation and the November 4, 2024 and April 24, 2025 FBI contacts as retaliatory acts.

43. The June 17, 2025 submission identified Epsilon as the employer, described the alleged retaliatory conduct, and sought agency action.

44. The April 24, 2025 FBI contact occurred within 300 days of the June 17, 2025 EEOC inquiry.

45. Plaintiff thereafter participated in an intake interview with an EEOC investigator on November 20, 2025.

46. On November 20, 2025, Plaintiff electronically signed a Charge of Discrimination alleging retaliation under Title VII and the ADA based on the August 18, 2024 written accusation and the November 4, 2024 and April 24, 2025 FBI contacts.

47. The November 20, 2025 Charge was based on continuing retaliatory conduct.

48. On November 25, 2025, the EEOC issued a Dismissal and Notice of Rights.

49. Plaintiff received the Notice of Right to Sue and brings this action within the time permitted by law.

# EXHIBIT B

RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

1. A declaration that Defendant's conduct constitutes unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, 42 U.S.C. § 1981, the Uniformed Services Employment and Reemployment Rights Act (38 U.S.C. § 4311), and the Elliott-Larsen Civil Rights Act.

2. An award of back pay, front pay, lost benefits, and all other equitable monetary relief available under federal and state law.

3. An award of compensatory damages for emotional distress, humiliation, anxiety, reputational harm, loss of professional opportunities, and other non-economic injuries caused by Defendant's conduct.

4. An award of punitive damages and, where authorized by statute, liquidated damages upon proof that Defendant acted with malice, reckless indifference, or willfulness.

5. An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, 42 U.S.C. § 1988, 38 U.S.C. § 4323(h), and applicable state law, should counsel appear on Plaintiff's behalf.

6. Pre-judgment and post-judgment interest as permitted by law.

7. Such other and further relief as this Court deems just and proper.

# EXHIBIT C

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 774-0020
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/25/2025

**To:** Mr. Johnny L. Ricks
100 Riverfront Dr Apt 909
DETROIT, MI 48226
Charge No: 471-2025-05720

EEOC Representative and email:     JOANNA RIVERA
BILINGUAL INVESTIGATOR
JOANNA.RIVERA@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2025-05720.

On behalf of the Commission,

Digitally Signed By:Ramiro Gutierrez
11/25/2025
Ramiro Gutierrez
Director

**Cc:**
Bonni Mayfield
bmayfield@dykema.com

NA NA
Epsilon Data Management
6021 CONNECTION DR
IRVING, TX 75039

Please retain this Notice for your records.



JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Oakland

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Johnny L. Ricks

**DEFENDANTS**
Epsilon Data Management, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Dallas County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 USC §§ 2000e-2-3; ADA, 42 USC §§ 12112, 12203; 42 USC § 1981; USERRA, 38 USC § 4311
Brief description of cause:
Race and disability discrimination, failure to accommodate, constructive discharge, and post-employment retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
February 17, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　■ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　☐ Yes
　　　　　court, including state court? (Companion cases are matters in which　■ No
　　　　　it appears substantially similar evidence will be offered or the same
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :