UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY L. RICKS,

Plaintiff,

v.

EPSILON DATA
MANAGEMENT, LLC,

Defendant.

Case No. 26-cv-10549
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
(ECF NO. 20)**

Plaintiff Johnny L. Ricks brings this employment action against Defendant Epsilon Data Management, LLC, his former employer. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8. Epsilon moves to dismiss the case. ECF No. 12. Ricks moves to strike Epsilon's motion and the notice of appearance by its attorney, Michael Dockterman. ECF No. 20; ECF No. 21. The Court denies the motion.

Ricks seeks to strike the filings because Dockterman is not admitted to practice in the Eastern District of Michigan and because local counsel, Katherine J. Van Dyke, did not file a notice of appearance, allegedly in

violation of the Court's local rules.  ECF No. 20.  Ricks' position lacks merit. True, "[a]n attorney must appear before representing a person or a party." E.D. Mich. LR 83.25(a).  But "[a]n attorney appears and becomes an attorney of record *by filing a pleading or other paper* or a notice of appearance."  *Id.* (cleaned up).  Van Dyke appeared when she co-signed Epsilon's motion to dismiss with Dockterman.  *See* ECF No. 12, PageID.44. And the next business day, Van Dyke filed a notice of appearance.  ECF No. 17.  The motion to dismiss was thus properly filed by an attorney admitted to practice before this Court.

Dockterman is also properly practicing before the Court.  The local rules provide:

> "A person must be a member in good standing of the bar of this court to practice in this court or to hold himself or herself out as being authorized to practice in this court, except that—
>
> …
>
> (D) an actively-licensed attorney who is not under suspension or disbarment in this or another federal or state court may --
>
>> (i) cosign papers or participate in pretrial conferences in conjunction with a member of the bar of this court.

E.D. Mich. LR 83.20(i).  Because Dockterman has co-signed papers and appears "in conjunction with" Van Dyke, his practice is authorized under this rule.

For these reasons, the Court **DENIES** Ricks' motion to strike.  Ricks must respond to the motion to dismiss **by May 20, 2026**, as previously ordered.  ECF No. 16.

The Court also **WARNS** Ricks that he may face sanctions if he clogs the docket with improper filings.  "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006).  Ricks' pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Bradley v. Wallrad*, No. 1:06 cv 246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up).  If Ricks continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court."  *Hardy v. Whitaker*, __ F.R.D. ___, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2, 2026).  The Court may also revoke Ricks' electronic filing and electronic document upload privileges.  *See Evans v. Robertson*, No. 24-13435, 2025 WL 3243458, at *3-4 (E.D. Mich. Nov. 20, 2025).

3

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 23, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

4